THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | | CASE NO. 2:17-CR-192 |
| vs. | : | |
| | | JUDGE WATSON |
| GREGORY R. LEE, | : | |
| Defendant. | : | |

**DEFENDANT GREGORY R. LEE'S
SENTENCING MEMORANDUM**

**I.    INTRODUCTION.**

On November 30, 2017, the United States Probation Office disclosed the final Presentence Investigation Report (hereinafter "PSR") that was prepared in this case. Under the existing rubric, sentences can only be imposed after moving through the following three-step process: (1) properly compute the applicable guideline sentencing range; (2) determine the propriety of a departure from that range; and (3) apply the relevant §3553(a) factors. USSG §§1B1.1(a)-(c). Adherence to this procedure yields a sentence that is "sufficient, but not greater than necessary" to satisfy Congress' sentencing mandate codified in 18 U.S.C. §3553(a)(2).

**II.    SENTENCING GUIDELINES.**

The proposed guideline application on count one suggests a sentencing range of 360 months imprisonment based on Lee's total offense level 42 and his criminal history category I. (PSR, ¶80). There are no objections to these determinations. However, the plea agreement executed by the parties calls for a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), of 262 months in prison and a term of supervised release of at least 20 years. (PSR, ¶5).

1

**III.     DEPARTURES.**

Once Lee's sentencing range is established, the next consideration is to assess if there are any grounds for departure. In this case, there are no guideline applications supporting a departure. (PSR, ¶95).

**IV.     SENTENCING FACTORS—18 U.S.C. § 3553(a).**

By agreeing to a specific sentence in a Rule 11(c)(1)(C) plea agreement, both the government and Lee waived their respective rights to have this Court sentence him after considering the §3553(a) factors. *United States v. Perez*, 464 Fed. Appx. 467, 469 (6th Cir. 2012). Consequently, a discussion of these factors is unnecessary to arrive at a sentence that is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate.

It deserves mention that if this Court implements the sentencing agreement memorialized by the parties and Lee is awarded all of the good-time credit that he can possibly earn, he will serve 216 months and 15 days in the BOP or 6,495 days. Therefore, Lee would be 71 years old at his release and would still have at least 20 years to serve on supervised release.

Lee has paid the $5,100.00 special assessment to the clerk of courts and he will need resources to be able to sustain himself after his release. Given the health issues that often plague those in the twilight of their lives, these costs can be immense and include assisted living and nursing home expenses. Consequently, it is respectfully requested that no fine be imposed in this case.

**V. CONCLUSION.**

In light of the nature and circumstances of this offense, his history and characteristics, and the sentencing range established for this offense, Gregory R. Lee urges this Court to accept the Rule 11(c)(1)C) plea agreement and impose a sentence requiring him to serve 262 months in

prison on count one along with a 20 year term of supervised release. Given the relevant § 3553(a) factors, this prison sentence and term of supervised release are sufficient, but not greater than necessary, to punish him for his offense and to protect the American public.

    Respectfully submitted,

    /s/ Steven S. Nolder_____
    Steven S. Nolder (0037795)
    Scott and Nolder Law Firm
    65 East State Street, Suite 200
    Columbus, Ohio 43215
    (614) 221-9790
    snolder9@gmail.com
    Attorney for Gregory R. Lee

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this sentencing memorandum has been electronically served on AUSA Heather Hill and SAUSA Jennifer Rausch this 4th day of January, 2018.

    /s/ Steven S. Nolder_____
    Steven S. Nolder (0037795)
    Attorney for Gregory R. Lee