**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No: 2:17-CR-192** |
| | : | |
| **v.** | : | **JUDGE MICHAEL H. WATSON** |
| | : | |
| **GREGORY R. LEE** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through undersigned counsel, hereby submits its Memorandum in Aid of Sentencing, as ordered by the Court.

**BACKGROUND**

On September 14, 2017, the defendant, Gregory R. Lee, entered a plea of guilty pursuant to a Rule 11(c)(1)(C) plea agreement, to an Information that charged him with using a minor to engage in sexually explicit activity for the purpose of producing a visual depiction of such activity, in violation of 18 U.S.C. § 2251(a). Pursuant to the plea agreement, the parties have agreed that a term of incarceration of 262 months followed by at least 20 years of Supervised Release is the appropriate sentence for the defendant's offense.

The parties agreed to a factual statement of the offense conduct in support of the defendant's guilty plea, which detailed the defendant's involvement with a 15-year-old female who was a student of the defendant's. The defendant took and instructed the girl to take numerous photographs that focused on the child's nude genitalia or depicted the girl engaged in masturbation. He also engaged in sexual acts with the child on numerous occasions. Finally, the parties agreed that the defendant had previously received sexually suggestive and/or explicit photographs of another minor female student.

The final Presentence Investigation Report ("PSR") was disclosed by the Probation Office on November 30, 2017, and the defendant filed a sentencing memorandum on January 4, 2018.  Sentencing in this matter is scheduled for January 18, 2018.

## PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

As calculated in the PSR, the advisory sentencing guideline range for the defendant's offense is 360 months, based on a total offense level of 42 and a criminal history category I. Neither party has raised any objection to this calculation.  The probation officer has noted several factors that the Court may consider in determining whether a deviation from the guideline range is appropriate, and has recommended the 262-month sentence agreed to by the parties, followed by a lifetime term of supervised release and a within-guidelines fine of $50,000.

## SENTENCING FRAMEWORK AND GUIDELINE CALCULATION

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure.  Courts are first to determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose.  *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).  The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5)

2

Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

## ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

I.      Calculation and Possible Departure

In this case, the parties are in agreement that the Probation Officer has correctly calculated that advisory guideline range applicable to the defendant's offense.  The parties are further in agreement that there are no bases under the guidelines for departure from the applicable guideline range.

II.     Section 3553(a) Factors

Notwithstanding the Sixth Circuit's statement in *United States v. Perez*, 464 Fed. Appx. 467, 469 (6th Cir. 2012), that a defendant who enters a Rule 11(c)(1)(C) plea agreement waives the right to be sentenced "pursuant to the advisory guideline range and the § 3553(a) factors", the government submits that consideration of those factors supports imposition of the sentence agreed to by the parties.

The defendant's offense is undoubtedly serious and involves a significant violation of the trust placed in him as a teacher.  The defendant engaged in an ongoing sexual and romantic relationship with a student who was more than 30 years his junior and who could not possibly comprehend the ramifications of the relationship in which she was engaging.  While she may have fully reciprocated – and perhaps even initiated – the "flirtatious" interactions that led to the defendant's offense, she was a child.  As an adult, the defendant knew full well where his involvement with this child was headed, and it was his duty to prevent it.  He failed to do so.  His history of inappropriate interactions with other students indicates that he did not stop this damaging and illegal liaison because he has an long-standing sexual interest in minor females.

3

Thus, the crime that the defendant has committed calls for a lengthy term of incarceration.  As pointed out by the defendant however, the sentence agreed upon by the parties will result in the defendant being at least 71 years of age at the time he is released, and at least 91 years old before he is released from Court supervision.  The defendant further has a long history of being a dedicated employee, and although he has repeatedly crossed appropriate boundaries with his students, he has also retained the support of several of his prior students.  He also has the love and support of his family, which the government believes will help him reintegrate into society upon his release.  All of these factors support the downward deviation represented by the parties' agreed sentence.

In light of all of these considerations, the government submits that a sentence of 262 months of incarceration would satisfy the statutory purposes of sentencing, in that it would protect the public, provide adequate deterrence, and appropriately reflect the seriousness of the defendant's particular offense.  Consideration of the specific facts of the case and this defendant's individual background and characteristics also indicate that such a sentence would not create unwarranted sentencing disparities.

Finally, the government concurs with the Probation Officer's finding that the defendant does have the ability to pay a fine.  However, in light of the issues discussed in the defendant's sentencing memorandum, the government suggests that a fine below the guideline range is more appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that the Court accept the parties stipulated sentencing agreement and impose a sentence of 262 months of incarceration, followed by at least 20 years of Supervised Release.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Heather A. Hill
HEATHER A. HILL (6291633)
Assistant U.S. Attorney

s/Jennifer M. Rausch
JENNIFER M. RAUSCH (6291633)
Special Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614)469-5715
Fax: (614)469-5653
Heather.Hill@usdoj.gov
jmrausch@franklincountyohio.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served via electronically this 9th day of January, 2018, upon Steven S. Nolder, counsel for the defendant.

s/Heather A. Hill
HEATHER A. HILL (6291633)
Assistant United States Attorney